McGREGOR W. SCOTT
United States Attorney
AMY SCHULLER HITCHCOCK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

ERIC DREIBAND
Assistant Attorney General
AVNER SHAPIRO
Trial Attorney
United States Department of Justice
Criminal Section, Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

Attorneys for Plaintiff
United States of America

FILED

JUN 20 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NERY A. MARTINEZ VASQUEZ AND MAURA N. MARTINEZ,<br><br>Defendants. | CASE NO. 2:19-CR-0112 WBS<br><br>18 U.S.C. § 1594(b) – Conspiracy to Commit Forced Labor; 18 U.S.C. §§ 1589(a) – Forced Labor (3 Counts); 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i) – Conspiracy to Harbor an Alien for Financial Gain; 8 U.S.C. §§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II) and 1324(a)(1)(B)(i) – Harboring an Alien for Financial Gain (3 Counts); 18 U.S.C. § 1594(d), 8 U.S.C. § 1324 (b)(1), 18 U.S.C. § 982(a)(6) and 28 U.S.C. § 2461– Criminal Forfeiture |

INDICTMENT

COUNT ONE: [18 U.S.C. § 1594(b) – Conspiracy to Commit Forced Labor]

The Grand Jury charges:

NERY A. MARTINEZ VASQUEZ and
MAURA N. MARTINEZ,

defendants herein, as follows:

## I. INTRODUCTION

At all times relevant to this Indictment:

1. Defendants NERY MARTINEZ VASQUEZ and MAURA MARTINEZ were married to one another and were naturalized United States citizens, originally from Guatemala. The defendants resided in Shasta Lake, California.

2. The defendants owned and operated Latino's, a restaurant located in Shasta Lake, and Redding Carpet Cleaning & Janitorial Services, a cleaning company that serviced various businesses, including multiple car dealerships, in the Shasta Lake area.

3. PERSON ONE, PERSON TWO, and PERSON THREE, whose identities are known to the Grand Jury, were citizens of Guatemala. PERSON TWO and PERSON THREE were minors born in 2001 and 2008, respectively. PERSON ONE is their biological mother.

## II. THE CONSPIRACY

4. Beginning in or about August 2016 and continuing through in or about February 2018, in the Eastern District of California, and elsewhere, defendants NERY MARTINEZ VASQUEZ and MAURA MARTINEZ did knowingly conspire and agree to provide and obtain the labor and services of at least one person by means of force and threats of force; serious harm and threats of serious harm; abuse and threatened abuse of law and legal process; and a scheme, plan, and pattern intended to cause the person to believe that if the person did not perform such labor and services, that the person would suffer serious harm, in violation of Title 18, United States Code, Section 1589(a).

## III. MANNER AND MEANS

In furtherance of the conspiracy, the defendants employed the following manner and means, among others:

1. The defendants used false pretenses to recruit and entice PERSON ONE to come to the United States with her daughters (PERSON TWO and PERSON THREE) to work for the defendants, promising her a more comfortable life for her family, including a livable wage and educational opportunities for her daughters.

2. The defendants arranged for PERSON ONE and her daughters to travel to and enter the

INDICTMENT                                       2

United States using temporary visitor visas, and then caused them to violate the terms of their visas and remain illegally in the United States.

3. The defendants unlawfully employed PERSON ONE and her older daughter, PERSON TWO, at their restaurant and cleaning service and required them to work upwards of 12 hours a day, seven days a week, for meager pay, far below minimum wage. The defendants further required PERSON THREE, PERSON ONE's younger daughter, to work several hours a day, seven days a week, at the restaurant for no pay.

4. The defendants exploited the vulnerabilities of PERSON ONE and her daughters, including their immigration status, lack of education, and inability to speak English.

5. The defendants created a system of dependency, causing PERSON ONE and her daughters to rely entirely on the defendants for any necessities, such as food and shelter.

6. The defendants isolated PERSON ONE and her daughters by, for example, telling them that they would be arrested if they went outside unaccompanied, limiting their contact with family and friends, and preventing PERSON TWO AND PERSON THREE from attending school.

7. The defendants imposed an inflated debt on PERSON ONE after she and her daughters arrived in the United States, and then threatened PERSON ONE with arrest if she failed to work for them to repay the purported debt.

8. The defendants subjected PERSON ONE, PERSON TWO, and PERSON THREE to verbal and emotional abuse, degraded and humiliated PERSON ONE in front of her daughters, and sought to separate PERSON ONE from her daughters to solidify their control over the daughters.

9. The defendants used and threatened violence and otherwise placed PERSON ONE, PERSON TWO, and PERSON THREE in fear.

## IV.    OVERT ACTS

In furtherance of the conspiracy, and to accomplish the object of the conspiracy, at least one of the defendants committed or caused to be committed at least one of the following overt acts, among others, in the Eastern District of California, and elsewhere:

10. In or about August 2016, defendant NERY MARTINEZ VASQUEZ transferred money to PERSON ONE's mother to enable PERSON ONE to purchase Mexican passports and U.S. visitor

visas that expired in May 2017 for herself and her daughters (PERSON 2 and PERSON 3) for a total cost of approximately $2,780.

11. On or about September 6, 2016, defendant NERY MARTINEZ VASQUEZ purchased round trip plane tickets between Guatemala and the United States for PERSON ONE, PERSON TWO, PERSON THREE, and PERSON ONE's mother for a total cost of approximately $2,359.

12. On or about September 12, 2016, defendant NERY MARTINEZ VASQUEZ picked up PERSON ONE, PERSON TWO, and PERSON THREE from San Francisco International Airport and drove them to the defendants' residence in Shasta Lake.

13. In or about September 2016, defendant MAURA MARTINEZ discouraged PERSON ONE from obtaining a cellular telephone by falsely telling PERSON ONE that doing so would result in immigration authorities locating and arresting her for overstaying her visa.

14. In or about September 2016, defendant MAURA MARTINEZ told PERSON ONE that her daughters could not attend school in Shasta Lake because immigration authorities were visiting area schools to look for undocumented children to arrest and deport.

15. In or about January 2017, when PERSON ONE expressed that she wanted to return to Guatemala with her daughters, defendant NERY MARTINEZ VASQUEZ told her that she owed him more than $12,000 for bringing her and her daughters to the United States, and that she had to continue working for the defendants for another sixteen months to repay the debt.

16. In or about January 2017, defendant NERY MARTINEZ VASQUEZ told PERSON ONE that if she did not agree to continue working for the defendants until she had fully repaid the purported debt, he would have the police arrest her for overstaying her visa and not repaying her debt.

17. In or about May 2017, defendant MAURA MARTINEZ required PERSON ONE to live in a dilapidated, unheated trailer, with no air conditioning or running water, parked in the backyard of the defendants' residence.

18. At various times during the course of the conspiracy, defendants degraded PERSON ONE by disparaging and humiliating her in front of her daughters and by forcing her to eat left-over scraps of food.

19. In or about July 2017, defendant NERY MARTINEZ VASQUEZ coerced PERSON

ONE into signing a document authorizing the defendants to assume power of attorney over PERSON ONE's daughters by threatening to have PERSON ONE arrested for overstaying her visa and not repaying the purported debt.

20. In or about February 2017, defendant MAURA MARTINEZ intimidated PERSON ONE by telling PERSON ONE that she, MAURA MARTINEZ, had used a vacuum cord to whip PERSON FOUR, whose identity is known to the Grand Jury, who also worked for the defendants at their restaurant.

21. In or about May or June 2017, defendant NERY MARTINEZ VASQUEZ intimidated PERSON ONE by striking PERSON FOUR with a large cooking spoon, causing injury, and then touching a hot pan to PERSON FOUR's arm because he was angry at PERSON FOUR for discarding some broth.

22. At various times during the course of the conspiracy, sometimes in front of defendant MAURA MARTINEZ and at her instigation, defendant NERY MARTINEZ VASQUEZ repeatedly struck PERSON TWO with a stick inscribed with PERSON TWO's first name and PERSON THREE's nickname, as well as the phrase, "What goes up, must go down."

23. At various times during the course of the conspiracy, sometimes in front of defendant MAURA MARTINEZ and at her instigation, defendant NERY MARTINEZ VASQUEZ repeatedly struck PERSON THREE with the same stick.

All in violation of Title 18, United States Code, Section 1594(b).

COUNT TWO: [18 U.S.C. §§ 1589(a) – Forced Labor]

The Grand Jury further charges: T H A T

NERY A. MARTINEZ VASQUEZ and
MAURA N. MARTINEZ,

defendants herein, beginning in or about September 2016 and continuing through in or about July 2017, in the Eastern District of California, and elsewhere, did knowingly provide and obtain the labor and services of PERSON ONE by means of force and threats of force; serious harm and threats of serious harm to PERSON ONE and at least one other person; abuse and threatened abuse of law and legal process; and a scheme, plan, and pattern intended to cause PERSON ONE to believe that if she did not

perform such labor and services, that she and at least one other person would suffer serious harm, all in violation of Title 18, United States Code, Section 1589(a).

COUNT THREE: [18 U.S.C. §§ 1589(a) – Forced Labor]

The Grand Jury further charges: T H A T

NERY A. MARTINEZ VASQUEZ and
MAURA N. MARTINEZ,

defendants herein, beginning in or about September 2016 and continuing through in or about February 2018, in the Eastern District of California, and elsewhere, did knowingly provide and obtain the labor and services of PERSON TWO by means of force and threats of force; serious harm and threats of serious harm to PERSON TWO and at least one other person; abuse and threatened abuse of law and legal process; and a scheme, plan, and pattern intended to cause PERSON TWO to believe that if she did not perform such labor and services, that she and at least one other person would suffer serious harm, all in violation of Title 18, United States Code, Section 1589(a).

COUNT FOUR: [18 U.S.C. §§ 1589(a) – Forced Labor]

The Grand Jury further charges: T H A T

NERY A. MARTINEZ VASQUEZ and
MAURA N. MARTINEZ,

defendants herein, beginning in or about September 2016 and continuing through in or about February 2018, in the Eastern District of California, and elsewhere, did knowingly provide and obtain the labor and services of PERSON THREE by means of force and threats of force; serious harm and threats of serious harm to PERSON THREE and at least one other person; abuse and threatened abuse of law and legal process; and a scheme, plan, and pattern intended to cause PERSON THREE to believe that if she did not perform such labor and services, that she and at least one other person would suffer serious harm, all in violation of Title 18, United States Code, Section 1589(a).

///
///
///
///

COUNT FIVE: [8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i) – Conspiracy to Harbor an Alien for Financial Gain]

The Grand Jury further charges: T H A T

NERY A. MARTINEZ VASQUEZ and
MAURA N. MARTINEZ,

defendants herein, beginning in or about August 2016 and continuing through in or about February 2018, in the Eastern District of California and elsewhere, did knowingly and willfully conspire and agree to conceal, harbor, and shield from detection at least one alien in the defendants' residence, in a trailer on their property, and elsewhere, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such alien had come to, entered, and remained in the United States in violation of law, all in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i).

COUNT SIX: [8 U.S.C. §§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i) – Harboring an Alien for Financial Gain]

The Grand Jury further charges: T H A T

NERY A. MARTINEZ VASQUEZ and
MAURA N. MARTINEZ,

defendants herein, beginning in or about September 2016 and continuing through in or about July 2017, in the Eastern District of California and elsewhere, did conceal, harbor, and shield from detection an alien, PERSON ONE, in their residence, in a trailer on their property, and elsewhere for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that PERSON ONE had come to, entered, and remained in the United States in violation of law, all in violation of Title 8 United States Code, Sections 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i)..

///
///
///
///
///

1  COUNT SEVEN: [8 U.S.C. §§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i) –
      Harboring an Alien for Financial Gain]

2  The Grand Jury further charges: T H A T

NERY A. MARTINEZ VASQUEZ and
MAURA N. MARTINEZ,

defendants herein, beginning in or about September 2016 and continuing through in or about February 2018, all dates being approximate and inclusive, in the Eastern District of California and elsewhere, aiding and abetting each other, did conceal, harbor, and shield from detection an alien, PERSON TWO, in their residence, in a trailer next to their residence, and elsewhere for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that PERSON TWO had come to, entered, and remained in the United States in violation of law, all in violation of Title 8 United States Code, Sections 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i)..

COUNT EIGHT: [8 U.S.C. §§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i)
      – Harboring an Alien for Financial Gain]

The Grand Jury further charges: T H A T

NERY A. MARTINEZ VASQUEZ and
MAURA N. MARTINEZ,

defendants herein, beginning in or about September 2016 and continuing through in or about February 2018, all dates being approximate and inclusive, in the Eastern District of California and elsewhere, did conceal, harbor, and shield from detection an alien, PERSON THREE, in their residence, in a trailer next to their residence, and elsewhere for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that PERSON THREE had come to, entered, and remained in the United States in violation of law, all in violation of Title 8 United States Code, Sections 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), and 1324(a)(1)(B)(i).

///

///

FORFEITURE ALLEGATION: [18 U.S.C. § 1594(d), 8 U.S.C. § 1324 (b)(1), 18 U.S.C. § 982(a)(6) and 28 U.S.C. § 2461–Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One through Four of this Indictment, defendants NERY A. MARTINEZ VASQUEZ and MAURA N. MARTINEZ shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1594(d), all property, real or personal, that was used, or intended to be used to commit or facilitate the commission of such violations, and any property traceable to such property; and any property, real or personal, constituting or derived from, any proceeds obtained directly or indirectly, as a result of such violations, and any property traceable to such property, including but not limited to

    a)    a). Real property located at 1957 Montana Avenue, Shasta Lake, CA 96019

        b). Real property located at 1987 Cabello Street, Shasta Lake, CA 96019

2. Upon conviction of one or more of the offenses alleged in Counts Five through Eight of this Indictment, defendants NERY A. MARTINEZ VASQUEZ and MAURA N. MARTINEZ shall forfeit to the United States, pursuant to Title 8, United States Code, Section 1324(b)(1), Title 18, United States Code, Sections 982(a)(6) and Title 28, United States Code, Section 2461, any conveyance, including any vehicle, that has been and is being used in the commission of such violations; any property, real or personal, that constitutes the gross proceeds of such violations, and any property traceable to such conveyance or proceeds; and any property that is used to facilitate, and is intended to be used to facilitate such violations, including but not limited to

a). Real property located at 1957 Montana Avenue, Shasta Lake, CA 96019

b). Real property located at 1987 Cabello Street, Shasta Lake, CA 9603. If any property subject to forfeiture as a result of the offenses alleged in Counts One through Eight of this Indictment for which the defendants are convicted:

    cannot be located upon the exercise of due diligence;

    b)    has been transferred or sold to, or deposited with, a third party;

    c)    has been placed beyond the jurisdiction of the Court;

    d)    has been substantially diminished in value; or

    e)    has been commingled with other property which cannot be divided without

INDICTMENT     9

1 | difficulty;

2 | It is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to
3 | seek forfeiture of any other property of said defendant, up to the value of property subject to forfeiture.

A TRUE BILL.

**/s/ Signature on file w/AUSA**

FOREPERSON

McGREGOR W. SCOTT
United States Attorney

INDICTMENT                                10

*No.* 2:19-CR-0112 WBS

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

### NERY A. MARTINEZ VASQUEZ AND MAURA N. MARTINEZ

## INDICTMENT

**VIOLATION(S):** 18 U.S.C. § 1594(b) – Conspiracy to Commit Forced Labor;
18 U.S.C. §§ 1589(a) – Forced Labor (Three Counts) ;
8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i) – Conspiracy to Harbor an Alien for Financial Gain;
8 U.S.C. §§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II) and 1324(a)(1)(B)(i) – Harboring an Alien for Financial Gain (Three Counts);
18 U.S.C. § 1594(d), 8 U.S.C. § 1324(b)(1), 18 U.S.C. § 982(a)(6) and 28 U.S.C. § 2461 – Criminal Forefeiture

*A true bill,*

**/s/ Signature on file w/AUSA**
_____
*Foreman.*

*Filed in open court this* 20th *day*
*of* June *, A.D. 20* 19

NO BAIL WARRANT PENDING HEARING
as to both defendants

_____
*Clerk.*

*Bail, $* _____

_____

GPO 863 525

2:19-CR-0112 WBS

<u>United States v. Martinez Vasquez, et. al</u>
**Penalties for Indictment**

**Defendants**
NERY A. MARTINEZ VASQUEZ
MAURA N. MARTINEZ

**COUNT 1:**            ALL DEFENDANTS

VIOLATION:    18 U.S.C. § 1594(b) – Conspiracy to Commit Forced Labor

PENALTIES:    Maximum of 20 years in prison;
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 2 years
Mandatory restitution [18 U.S.C. § 1593]

SPECIAL ASSESSMENT: $5,100 [18 U.S.C. § 3014(a)(1)]

**COUNTS 2-4:**          ALL DEFENDANTS

VIOLATION:    18 U.S.C. § 1589(a) – Forced Labor

PENALTIES:    Maximum of 20 years in prison;
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 2 years
Mandatory restitution [18 U.S.C. § 1593]

SPECIAL ASSESSMENT: $5,100 (mandatory on each count) [18 U.S.C. § 3014(a)(1)]

**COUNT 5:**  ALL DEFENDANTS

VIOLATION:    8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i) – Conspiracy to Harbor an Alien for Financial Gain

PENALTIES:    Maximum of 10 years in prison;
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 2 years

SPECIAL ASSESSMENT: $100

**COUNTS 6-8:**    ALL DEFENDANTS

VIOLATION:    8 U.S.C. §§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II) and 1324(a)(1)(B)(i) – Harboring an Alien for Financial Gain

PENALTIES:    Maximum of 10 years in prison;
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 2 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**FORFEITURE ALLEGATION:**    ALL DEFENDANTS

VIOLATION:    18 U.S.C. § 1594(d) – Criminal Forfeiture

PENALTIES:    As stated in the charging document