MCGREGOR W. SCOTT
United States Attorney
AMY SCHULLER HITCHCOCK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

ERIC DREIBAND
Assistant Attorney General
AVNER SHAPIRO
Trial Attorney
United States Department of Justice
Criminal Section, Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NERY A. MARTINEZ VASQUEZ and,<br>MAURA N. MARTINEZ,<br><br>　　　　　　　Defendants. | CASE NO. 2:19-CR-00112-WBS<br><br>STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER; PROTECTIVE ORDER |

## I. **STIPULATION**

1. Plaintiff United States of America, by and through its counsel of record, and defendants Nery A. Martinez Vasquez and Maura N. Martinez ("defendants"), by and through their counsel of record (collectively, the "parties"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of certain materials containing personal identifying information (PII) and other confidential information of victims, witnesses, and third parties, including minor victims and witnesses.

2. On June 20, 2019, the Grand Jury returned an indictment charging defendants with one count of Conspiracy to Commit Forced Labor, in violation of 18 U.S.C. § 1594(b), three counts of Forced Labor, in violation of 18 U.S.C. § 1589(a), one count of Conspiracy to Harbor an Alien for Financial Gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), and three counts of Harboring an Alien for Financial Gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). The indictment alleges that the defendants conspired to obtain the labor and services of at least three victims, including two minors, by means of force and threats of force, serious harm and threats of harm, abuse and threatened abuse of law and legal process, and fear.

3. As part of its investigation in the above-captioned case, the government is in possession of documents relating to the charges against the defendants and seeks to provide those documents to the counsel for the defendants. Some of the materials may exceed the scope of the government's discovery obligations and will be produced to promote a prompt and just resolution or trial of the case.

4. The government intends to produce to the Defense Team, as defined below, materials containing PII and other confidential information of real persons, including, among other things, personal names, addresses, and Social Security numbers. These real persons are victims, witnesses, or third parties to this case. The materials also contain sensitive or confidential information regarding witnesses or victims who are minors, or who were minors at the time of the conduct alleged.

5. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing this confidential or sensitive information. If this information is disclosed without protective measures, or to the defendants without limitation, it will risk the privacy and security of the people to whom the information relates, and there is a significant possibility that such disclosure would be detrimental to these individuals. The information could itself be used to further criminal activity if improperly disclosed or used. The government has ongoing statutory and ethical obligations to protect victims, particularly minor victims.

6. Accordingly, the parties jointly request a Protective Order that will permit the government to produce discovery, but preserves the privacy and security of victims, witness, and third parties and minors. The parties agree that the following conditions, if ordered by the Court in the proposed Protective Order, will serve the government's interest in maintaining the privacy and security

of victims and third parties, while permitting the Defense Team to understand the government's evidence against this defendant.

7. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, 18 U.S.C. §§ 3771(a) and 3509(d), Local Rule 141.1, and its general supervisory authority.

## II. PROPOSED PROTECTIVE ORDER

### A. Protected Materials

8. This Order pertains to all materials containing PII, identifying information, or other confidential or sensitive information regarding victims, witnesses, or minor third parties (hereafter, "Protected Materials.")

9. For purposes of the Protective Order, the term "Personal Identifying Information" (PII) includes any information within the definition of a "means of identification" under 18 U.S.C. § 1028(d)(7) or any information within the definition of an "access device" under 18 U.S.C. § 1029(e)(1).

10. To the extent that notes are made that memorialize, in whole or in part, the PII or confidential or sensitive information in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

### B. Defense Team

11. For purposes of this Order, the term "Defense Counsel" refers to the defendants' counsel of record.

12. For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) licensed investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

13.     Defense Counsel must provide copy of this Order to all members of the Defense Team and must obtain written acknowledgement from members of the Defense Team that they are bound by the terms and conditions of this Protective Order, prior to providing any Protected Materials to the members of the Defense Team.  The written acknowledgement need not be disclosed or produced to the United States unless ordered by the Court.

### C.     Disclosure of Protected Materials

14.     The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials, including the defendants themselves.

15.     No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, post-trial, and appellate proceedings (both direct and collateral) and in this criminal action for no other purposes whatsoever, and shall not be used for the economic or other benefit of the defendant, or any third party.  Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

16.     Defendants may review Protected Materials in this case only in the presence of a member of the Defense Team, and Defense Counsel shall ensure that defendants are never left alone with any Protected Information.  Defendants may not copy, keep, maintain, or otherwise possess any of such Protected Materials at any time.  Defendants must return any Protected Materials to the Defense Team at the conclusion of any meeting at which defendant reviews the Protected Materials.  A Defendant may not take any Protected Materials out of the room in which s/he is meeting with the Defense Team. Defendants may not write down or memorialize any PII contained in the Protected Materials.  At the conclusion of any meeting with defendants, the member of the Defense Team present shall take with him or her all Protected Materials.  At no time, under any circumstances, will any Protected Materials be left in the possession, custody, or control of the defendants.

17.     The Defense Team may review Protected Materials with a witness or potential witness in this case, including the defendants, subject to the requirement above that a member of the Defense Team must be present if Protected Materials are being shown to the defendants.  Before being shown any

portion of the Protected Materials, however, any witness or potential witness must be informed of the requirements of the Protective Order. No witness or potential witness may retain Protected Materials, or any copy thereof, after his or her review of those materials with the Defense Team is complete.

18. This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

19. Defense Counsel shall advise the government with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the government may take action to resist or comply with such demands as it may deem appropriate.

### D. Ensuring Security of Protected Materials

20. The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office.

21. To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected and encrypted storage medium or device. Encryption keys must be stored securely and not written on the storage media that they unlock.

22. If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER." For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.

### E. Filings and Court Proceedings

23. In the event that a party needs to file Protected Materials containing PII, or materials otherwise identified as containing confidential information of victims, witnesses, or third parties with the Court, or disclose PII in court filings, the filing should be made under seal. If the Court rejects the

STIPULATION AND [PROPOSED] PROTECTIVE ORDER  5

request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII or confidential materials and make all reasonable attempts to avoid the divulging of PII or confidential materials.

24. The parties agree to abide by 18 U.S.C. § 3509(d)(2) in all court filings. If it becomes necessary to refer to a minor victim or witness, including individuals who are now adults but were minors at the time of the conduct alleged, the parties shall use agreed upon pseudonyms.

### F. Conclusion of Prosecution

25. The provisions of this Order shall not terminate at the conclusion of this prosecution. All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

26. Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed, or, if the defendant has requested a copy of the Protected Materials be maintained in the Defense Team's files beyond final disposition of the case, seek modification of this provision from the Court. If any Protected Materials are used as defense exhibits, they shall be maintained with government exhibits so long as those are required to be maintained.

### G. Termination or Substitution of Counsel

27. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in Paragraph 26 above. All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution Modification of Order.

28. Nothing in this Order shall prevent any party from seeking modification to Order or from

objecting to discovery it otherwise believes to be improper.  Nothing in this Order shall prevent any part from seeking a more restrictive protective order with regard to particular discovery items.

**H.     Notice That Violation of Order Could Result In Sanctions**

29.     Any person who willfully violates this Order may be held in contempt of court and may be subject to monetary of other sanctions as deemed appropriate by the Court.  This provision does not expand or narrow the Court's contempt powers.

**I.     Application of Laws**

30.     Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

31.     Nothing in this Order shall be construed to affect the application of and the parties compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Dated:  July 8, 2019

McGREGOR W. SCOTT
United States Attorney

By:  /s/ Amy Schuller Hitchcock
Amy Schuller Hitchcock
Assistant United States Attorney

Dated:  July 8, 2019

/s/ Mark J. Reichel
Mark J. Reichel
Counsel for Defendant
NERY A. MARTINEZ VASQUEZ

Dated:  July 8, 2019

/s/ Tasha P. Chalfant
Tasha P. Chalfant
Counsel for Defendant
MAURA N. MARTINEZ

**FINDINGS AND ORDER**

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED

Dated: July 9, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE