PHILLIP A. TALBERT
Acting United States Attorney
KATHERINE T. LYDON
TANYA SYED
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900


PAMELA S. KARLAN
Principal Deputy Assistant Attorney General
AVNER SHAPIRO
Trial Attorney
United States Department of Justice
Criminal Section, Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530


Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>NERY A. MARTINEZ VASQUEZ AND MAURA N. MARTINEZ,<br><br>                 Defendants. | CASE NO. 2:19-CR-112 WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: May 25, 2021<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

     This case is set for jury trial to commence on May 25, 2021. On May 13, 2020, the Chief Judge of this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all

criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date for the trial to commence.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set to commence jury trial on May 25, 2021.  A trial confirmation hearing was set for April 12, 2021.

2. By this stipulation, defendants now move to continue the trial date until September 21, 2021 at 9:00 a.m., and to exclude time between May 25, 2021, and September 21, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3. The parties further request that the Court re-set the trial confirmation hearing for August 9, 2021 at 9:00 a.m.

4. The parties agree and stipulate, and request that the Court find the following:

   a) Defense counsel continue to review the discovery associated with this case, which includes more than 4,000 pages of documents and other items, some of which is in Spanish.  The government continues to produce discovery as it is generated or becomes available.  Most recently, the government produced more than 300 pages of additional discovery in October 2020.  Much of the discovery produced by the government is subject to a protective order.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendants desire additional time to conduct investigation and

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

research into the charges, confer with their clients, review the aforementioned discovery, and otherwise prepare for trial.  The ongoing COVID-19 pandemic has complicated and delayed the process of defense preparation.  Specifically, defense counsel must interview witnesses from places out of state and within the State of California, but not within Sacramento County, as well as obtain documentary evidence from various courts and other agencies which are not located within the State of California or within the County of Sacramento. Agencies are delayed in their responses and witnesses are impacted by the COVID pandemic.

   c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 25, 2021 to September 21, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

//
//
//
//
//
//

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

5.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 25, 2021                    PHILLIP A. TALBERT
                                          Acting United States Attorney


                                          /s/ KATHERINE T. LYDON
                                          KATHERINE T. LYDON
                                          Assistant United States Attorney


Dated:  March 25, 2021                    /s/ MARK REICHEL
                                          MARK REICHEL
                                          Counsel for Defendant
                                          NERY A. MARTINEZ
                                          VASQUEZ


Dated: March 25, 2021                     /s/ TASHA CHALFANT
                                          TASHA CHALFANT
                                          Counsel for Defendant
                                          MAURA N. MARTINEZ


**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  March 25, 2021                    _____
                                          WILLIAM B. SHUBB
                                          UNITED STATES DISTRICT JUDGE