PHILLIP A. TALBERT
United States Attorney
KATHERINE T. LYDON
TANYA B. SYED
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

KRISTEN CLARKE
Assistant Attorney General
AVNER SHAPIRO
Trial Attorney
United States Department of Justice
Criminal Section, Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20530

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-0112 WBS |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| NERY A. MARTINEZ VASQUEZ, | |
| Defendant. | |

## I.     INTRODUCTION

**A.     Scope of Agreement.**

The superseding indictment in this case charges the defendant with violation(s) of 18 U.S.C. § 1594(b) –Conspiracy to Commit Forced Labor; 18 U.S.C. § 1589(a) – Forced Labor; 8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i) – Conspiracy to Harbor an Alien for Financial Gain; and 8 U.S.C. §§ 1324(a)(1)(A)(iii), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) – Harboring an Alien for Financial Gain, 18 U.S.C. § 1201(c) – Conspiracy to Commit Kidnapping; and 18 U.S.C. § 1201(a) – Kidnapping.

PLEA AGREEMENT                                            1

This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B.     Court Not a Party.**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities which may not have been charged in the superseding indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

**II.     DEFENDANT'S OBLIGATIONS**

**A.     Guilty Plea.**

The defendant will plead guilty to Count One of the Superseding Indictment, Conspiracy to Commit Forced Labor, in violation of 18 U.S.C. § 1594(b). The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis for Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea(s) should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a

1 guilty plea pursuant to this Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f)
2 and Fed. R. Evid. 410, to the extent that these rules are inconsistent with this paragraph or with this
3 Agreement generally.

### B. **Restitution.**

The Trafficking Victims Protection Act requires the Court to order restitution to the victims of certain offenses, including the offense to which the defendant is pleading guilty. Defendant agrees that his conduct is governed by 18 U.S.C. § 1593, and agrees to pay the full amount of restitution to all victims affected by his offense conduct. The defendant understands that, pursuant to 18 U.S.C. § 1593(b) and other governing statutes, the Court is required to order restitution for the full amount of the victims' compensable losses as defined by 18 U.S.C. § 2259(c)(2) and shall include the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage and overtime guarantees of the Fair Labor Standards Act. The FLSA also provides for liquidated damages in an amount equal to double the amount of back wages owed (*see generally* 29 U.S.C. § 216).

In exchange for the government's decision to dismiss the remaining counts of the superseding indictment, the defendant agrees that his sentence shall include paying restitution to all victims of his offense conduct including, but not limited to, the victims covered in the factual basis, victims covered in those counts to be dismissed as part of the plea agreement and other victims harmed as a result of the defendant's conduct, pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3). The total amount of restitution that the defendant agrees to pay is approximately $300,000. Specifically, the defendant agrees that restitution is due to the following victims, in the following amounts, which he will be ordered to pay jointly and severally with his co-defendant:

| Victim | Restitution Amount |
|---|---|
| N.L. | $63,133 |
| M.B. | $89,117 |
| M.A. | $20,227.50 |
| D.S. | $22,024.29 |
| E.A. | $25,858 |
| M.C. | $57,615.92 |
| H.D | $22,024.29 |
| **Total:** | **$300,000.00** |

Defendant further agrees that he will not seek to discharge any restitution obligation or any part of such obligation in any bankruptcy proceeding. Payment of restitution shall be made no later than one week prior to the scheduled date for Judgment and Sentence by cashier's or certified check made payable to the Clerk of the Court. The defendant agrees that the remaining $100,000 in restitution will be satisfied by money posted to secure the defendant and his co-defendant's appearances,[1] specifically:

- $50,000 in cash posted to secure the appearance of Maura Martinez;
- $50,000 in cash posted to secure the appearance of Nery A. Martinez Vasquez.

**C.  Fine.**

The defendant reserves the right to argue to Probation and at sentencing that he is unable to pay a fine, and that no fine should be imposed. The defendant understands that it is his burden to affirmatively prove that he is unable to pay a fine, and agrees to provide a financial statement under penalty of perjury to the Probation Officer and the government in advance of the issuance of the draft Presentence Investigation Report, along with supporting documentation. The government retains the right to oppose the waiver of a fine. If the Court imposes a fine, the defendant agrees to pay such fine if and as ordered by the Court, up to the statutory maximum fine for the defendant's offenses.

---

[1] *See* Dkt. Nos. 27 (Nery A. Martinez Vasquez Appearance bond) and 28 (Maura N. Martinez Appearance Bond). 28 U.S.C. § 2044.

**D. Special Assessment.**

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing.

The defendant further understands and agrees that, pursuant to 18 U.S.C. § 3014, if the Court finds that the defendant is non-indigent, the Court shall assess an additional mandatory special assessment of $5,000. In accordance with 18 U.S.C. § 3014, this special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim compensation arising from the criminal conviction(s) on which the special assessment is based. The defendant reserves the right to argue to Probation and at sentencing that he is indigent, and the government retains the right to argue that the defendant is non-indigent.

**E. Violation of Plea Agreement by Defendant/Withdrawal of Plea(s).**

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. If the government elects to void the agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. A defendant violates the plea agreement by committing any crime or providing or procuring any statement or testimony which is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or engages in any post-plea conduct constituting obstruction of justice. Varying from stipulated Guidelines application or agreements regarding arguments as to 18 United States Code section 3553, as set forth in this agreement, personally or through counsel, also constitutes a violation of the plea agreement. The government also shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement. The determination of whether the defendant has violated the plea agreement will be under a probable cause standard.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

**F.     Forfeiture.**

The defendant agrees to forfeit to the United States voluntarily and immediately all of his/her right, title, and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 1594(d). Those assets include, but are not limited to, the following: Real property located at 1987 Cabello Street, Shasta Lake, California, Shasta County, APN: 007-050-029-000.

The government will not seek to forfeit the real property located at 1957 Montana Ave, Shasta Lake, California, Shasta County, APN: 005-590-017-000, which is also subject to forfeiture pursuant to 18 U.S.C. § 1594(d), provided the defendants pay the restitution amount in full by the date specified in this agreement. If the defendants do not pay the restitution amount in full, the defendant agrees to forfeit all of his/her right, title, and interest to the real property located at 1957 Montana Ave, Shasta Lake,

PLEA AGREEMENT     6

California, Shasta County, APN: 005-590-017-000.

The defendant agrees that the above-listed real properties constitute properties used, or intended to be used, in any manner or part, to commit or to facilitate the commission of violations of 18 U.S.C. §§ 1594(d) and (e), or were derived from proceeds obtained, directly or indirectly, as a result of said violations.

The defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States. The defendant shall not sell, transfer, convey, or otherwise dispose of any of his assets, including but not limited to, the above-listed assets. The defendant agrees not to file a claim to any of the listed property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his/her right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions. The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### G. Asset Disclosure.

The defendant agrees to make a full and complete disclosure of his assets and financial condition, and will complete the United States Attorney's Office's "Authorization to Release Information" and "Financial Affidavit" within five (5) weeks from the entry of the defendant's change of plea, including supporting documentation. The defendant also agrees to have the Court enter an order to that effect. The defendant understands that if he fails to complete truthfully and provide the described documentation to the United States Attorney's office within the allotted time, he will be considered in violation of the agreement, and the government shall be entitled to the remedies set forth in section II.E above, above.

## III. THE GOVERNMENT'S OBLIGATIONS

### A. Dismissals/Other Charges.

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending superseding indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in paragraphs II.E (Violation of Plea Agreement by Defendant/Withdrawal of Plea(s)), VI.B (Estimated Guideline Calculation), and VII.B (Waiver of Appeal and Collateral Attack) herein.

### B. Recommendations.

#### 1. Incarceration Range.

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range as determined by the Court.

#### 2. Acceptance of Responsibility.

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### C. Use of Information for Sentencing.

The government is free to provide full and accurate information to the Court and Probation, including answering any inquiries made by the Court and/or Probation and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, Conspiracy to Commit Forced Labor,

PLEA AGREEMENT 8

in violation of 18 U.S.C. § 1594(b):

First, the defendant and at least one other person made an agreement to commit the crime of forced labor; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to accomplish it.

The elements of Forced Labor, in violation of 18 U.S.C. § 1589(a) are as follows:

First, the defendant obtained the labor or services of another person;

Second, the defendant did so through at least one of the following means: force, threats of force, physical restraint, or threats of physical restraint to that person; serious harm or threats of serious harm to that person; the abuse or threatened abuse of law or legal process; or a scheme, plan or pattern intended to cause the person to believe that if that person did not perform such labor or services that person or another person would suffer serious harm or physical restraint; and

Third, the defendant acted knowingly.

The defendant fully understands the nature and elements of the crimes charged in the superseding indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

### A. Maximum Penalty.

The maximum sentence that the Court can impose is 20 years of incarceration, a fine of $250,000, a 3-year period of supervised release and a special assessment of $100.

By signing this plea agreement, the defendant also agrees that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant agrees that the restitution order is not restricted to the amounts alleged in the specific count(s) to which he is pleading guilty. The defendant further agrees, as noted above, that he will not attempt to discharge in any present or future bankruptcy proceeding any restitution imposed by the Court.

### B. Violations of Supervised Release.

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the

defendant to serve up to 2 additional years imprisonment.

## VI. SENTENCING DETERMINATION

### A. Statutory Authority.

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B. Stipulations Affecting Guideline Calculation.

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

1. Base Offense Level: 22 (U.S.S.G. § 2H4.1(a)(1))
2. Special Offense Characteristics:
   a. +2 (because a victim sustained serious bodily injury in the course of the offense, pursuant to U.S.S.G. § 2H4.1(b)(1)(B));
   b. +3 (because a victim was held in a condition of involuntary servitude for more than 1 year, pursuant to U.S.S.G. § 2H4.1(b)(3)(A));
   c. +2 (because another felony offense was committed during the commission of, or in connection with, the offense, to wit Harboring an Alien for Financial Gain, in violation of 18 U.S.C. §§ 1324(a)(1)(A)(v)(II) and 1324(a)(1)(B)(i), pursuant to U.S.S.G. § 2H4.1(b)(4)(A))
3. Victim-related Adjustments:
   a. +2 (because the defendant knew, or should have known that a victim of the offense was a vulnerable victim, pursuant to U.S.S.G. § 3A1.1(b)(1))
4. Adjusted Offense Level: 31
5. Acceptance of Responsibility: See paragraph III.B.2 above.

6. Departures or Other Enhancements or Reductions: The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references. Both parties agree not to move for, or argue in support of, any departure from the Sentencing Guidelines. The defendant is free to recommend to the Court whatever sentence he believes is appropriate under 18 U.S.C. § 3553(a).

## VII. WAIVERS

### A. Waiver of Constitutional Rights.

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be compelled to incriminate himself.

### B. Waiver of Appeal and Collateral Attack.

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case, which includes restitution in the amount of $300,000, as long as the sentence does not exceed the statutory maximum for the offense to which he is pleading guilty. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts attached to this agreement is insufficient to support the defendant's plea of guilty. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement

PLEA AGREEMENT 11

constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate his plea(s), dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in Section II.E herein.

### C. Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

### D. Impact of Plea on Defendant's Immigration Status.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel.

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 8/19/21

MARK J. REICHEL
Attorney for Defendant

### B. Defendant:

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 8/19/2021

NERY A. MARTINEZ VASQUEZ
Defendant

### C. Court Certified Interpreter/Translator:

I declare that I am a court-certified Spanish-English interpreter/translator. On 8-19-21, I read the entire contents of the foregoing plea agreement to Nery A. Martinez

PLEA AGREEMENT         13

Vasquez, translating the document from English to Spanish.

Dated: 8/19/21

_____
Interpreter/Translator
MAURI FITZGIBBON

//
//

D. **Attorney for United States:**

I accept and agree to this plea agreement on behalf of the government.

Dated:

PHILLIP A. TALBERT
Acting United States Attorney

_____
KATHERINE T. LYDON
Assistant United States Attorney

EXHIBIT "A"

Factual Basis for Plea(s)

Defendant agrees that at trial the government would prove the following beyond a reasonable doubt:

Beginning in approximately August 2016 and continuing through approximately February 2018, in the Eastern District of California, defendant Nery MARTINEZ VASQUEZ did knowingly conspire and agree with Maura Martinez to obtain the labor and services of, N.L., M.B, and M.A. by means of force and threats of force, serious harm and threats of serious harm, abuse and threatened abuse, of law and legal process and a scheme, plan, and pattern intended to cause the person to believe that if the person did not perform such labor and services, that the person would suffer serious harm.

In approximately August 2016, MARTINEZ VASQUEZ convinced N.L. to leave her home in Guatemala and travel to Shasta Lake, California, by falsely promising a more comfortable life, including a livable wage and educational opportunities for M.B. and M.A. MARTINEZ VASQUEZ arranged for the charged victims to travel to and enter the United States using temporary visitor visas, visas he intended for them to overstay, and in fact caused them to overstay. On the applications for these visa applications, for example, MARTINEZ VASQUEZ stated that N.L., M.B. and M.A. would be staying at an address in Nevada, when he knew they would be staying at his home in California.

After bringing N.L., M.B., and M.A., to their home in Shasta Lake, California, MARTINEZ VASQUEZ and Martinez required them to work long hours in two businesses the defendants owned and operated, Redding Carpet Cleaning & Janitorial Services and Latino's restaurant. N.L. and M.B. typically were required to work from approximately 11:00 a.m. to 9:00 p.m. at the restaurant, and then from approximately 9:00 p.m. to 1:00 a.m. cleaning businesses. M,A., who was younger, was made to work at the restaurant for several hours a day. MARTINEZ VASQUEZ required them to perform tasks such as cleaning tables, vacuuming, mopping, cleaning toilets, taking out trash, and other physically tasking labor.

N.L., M.B., and M.A. were grossly underpaid for their work, when paid at all. MARTINEZ VASQUEZ manufactured an inflated debt he told N.A. that she owed, and in lieu of paying her for her labor, purported to subtract from this debt. MARTINEZ VASQUEZ told N.L. that she could not leave until this debt was repaid. Although the pay varied, N.L.'s gross pay was approximately $2.64/hour, and her net pay was approximately $0.51/hour.

MARTINEZ VASQUEZ obtained the labor of N.L, M.B., and M.A. through abuse and threats of abuse of law and legal process. For example, MARTINEZ VASQUEZ told N.L. that if she did not agree to continue working for him, he would call the authorities and have her arrested for overstaying her visa. Likewise, MARTINEZ VASQUEZ and his co-conspirator Martinez used immigration status as a means to isolate the victims. Martinez discouraged N.L. from obtaining a cell phone because she said that doing so would result in immigration authorities locating her and arresting her and M.B. and M.A.

MARTINEZ VASQUEZ also obtained the labor of N.L, M.B., and M.A. through serious harm and threats of harm. N.L. was made to live in a dilapidated, unheated trailer, with no running water, parked in the back of the defendants' residence. He forced N.L. to eat scraps of food, and humiliated her in front of others.

MARTINEZ VASQUEZ physically hit M.B. and M.A. with a stick when he was angry. This stick was inscribed with M.B.'s name and A.A.'s nickname. He sometimes hit them in front of co-conspirator Martinez, and at her instigation. MARTINEZ VASQUEZ also physically abused another person providing him labor, D.S., in front of N.L., M.B., and M.A. D.S. was whipped with a vacuum cord, hit with a spoon, and forced to touch a hot pan when his labor was not up to MARTINEZ VASQUEZ' standards.

I have reviewed the entire factual basis in Exhibit A above and had it read to me in Spanish by a sworn interpret. As far as my own conduct is concerned, I adopt it as my own true statement.

Dated: 8/19/2021

NERY A. MARTINEZ VASQUEZ
Defendant

I read the entire contents of the foregoing factual basis in Exhibit A to Nery A. Martinez Vasquez, translating it from English to Spanish.

Dated: 8-19-21

Interpreter/Translator
MAURY FITZGIBBON