MARK J. REICHEL, State Bar #155034
455 CAPITOL MALL, 8th FLOOR, Suite 802
Sacramento, California  95814
Telephone: (916) 498-9258
FAX:       (888) 567-2949
www.reichellaw.com

Attorneys for Defendant
NERY MARTINEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 2:19-cr-112-WBS |
|---|---|---|
| Plaintiff, | ) | **DEFENSE SENTENCING MEMORANDUM** |
| v. | ) | |
| | ) | Date: February 7, 2022 |
| | ) | Time: 9:00 a.m. |
| NERY MARTINEZ | ) | Judge: WILLIAM B. SHUBB |
| Defendant. | ) | |

Defendant submits this Sentencing Memorandum.

I. <u>Recommendation of 78 months</u>. Mr. Martinez asks this Court to follow the recommendation of the probation department as well as the recommendation of the Government, both in their plea agreement and in their Sentencing Memorandum, for a term of 78 months.

Defendant does not object to the guideline calculations in the Presentence Investigation and Report.

II. Objection to Government's Breach. The defendant must also object to the Government's Sentencing Memorandum in almost all respects, as their Memorandum detours substantially from their obligation to stand behind their recommendation in the plea agreement. A failure of the defendant to object to that Memorandum changes the standard of review on appeal and his counsel is duty bound to object before the trial court. A breach as performed by the Government here is a violation of the defendant's constitutional rights.

*Background to the objection for breach*. Mr. Martinez's home and business were raided by FBI agents on this investigation into the forced labor of 3 alleged victims in the summer of 2017. He retained current counsel at that time. In June of 2019, he was indicted on the counts of forced labor, with the 3 alleged victims- his wife's sister and her 2 daughters.

Then, in June 2021, a superseding indictment was issued which added a count alleging kidnaping of an additional victim for the years 1997-1999.

Mr. Martinez plead guilty to the one count of conspiracy to commit forced labor on August 23, 2021 and admitted that at a trial the government would be able to prove what was set forth in the factual basis. The factual basis discussed the forced labor allegations and victims. The government's plea agreement, relied upon by the defendant in exchange for hits trial rights, would result in a recommendation from the government for a term of 78 months.  The probation report, provided all salient facts, and in fact made such a recommendation.

The problem arises with the government's extensive sentencing Memorandum which, in almost all respects, encourages a much higher sentence. If defense counsel does not object to the multiple ways in which it does just that, the objection is much harder to sustain on any potential appeal.

The Ninth circuit teaches, in a case from our district, in reversing and remanding using just the plain error standard, in such a way that the entirety of that opinion should be read to understand the defense objection. *United States v Whitney*, 673 F.3d 965 (9th Cir. 2012). There, in relevant part, *Whitney* teaches that

> Second, the government breached its agreement by implicitly arguing for a sentence greater than the terms of the plea agreement specified that the prosecution would recommend: the low end of the applicable guideline range. Although a sentencing recommendation need not be made enthusiastically, *United States v. Johnson*, 187 F.3d at 1135, when the government obligates itself to make a recommendation at the low end of the guidelines range, it may not introduce information that serves no purpose but "to influence the court to give a higher sentence." *Id*. This prohibition precludes referring to information that the court already has before it, including statements related to the seriousness of the defendant's prior record, *Mondragon*, 228 F.3d 978, "statements indicating a preference for a harsher sentence," *United States v. Franco-Lopez*, 312 F.3d 984, 992 (9th Cir. 2002) (quoting *Johnson*, 187 F.3d at 1135), or the introduction of evidence that is irrelevant to any matter that the government is permitted to argue. *Johnson*, 187 F.3d 1129. Such statements are recognized as introduced "solely for the purpose of influencing the district court to sentence [the defendant] more harshly." *Id*. at 1135.
>
> ....Although the prosecutor uttered the requisite words by recommending a sentence at the low-end of the guidelines, her additional statements constituted an argument for a higher sentence, breached the government's obligation to recommend a low-end Guideline sentence, and likely had an impact on the far-above-guideline sentence imposed. We reject the government's contention that it was compelled to provide an argument in order to support its low-end guidelines sentence recommendations. To the

> contrary, permitting it to argue implicitly for a harsher sentence when there is no indication of a possible below-guidelines sentence would render its obligation to recommend a low-end sentence illusory. See *Franco-Lopez*, 312 F.3d at 988-89 (recognizing that the government may breach its obligations under its plea agreement by complying with the explicit terms of the agreement in such a way that renders its promises illusory). In light of *Mondragon*, the government's breach was "clear or obvious under the law," *United States v. Gonzalez-Zotelo*, 556 F.3d 736, 741 (9th Cir. 2009) (internal quotation marks omitted).

*Whitney* at p. 971.

Importantly, *Whitney* instructs that

> Second, taking the variable nature of sentencing into account, it is likely that the government's breach in implicitly arguing for a harsher sentence rather than unequivocally expressing its preference for a low-end guideline sentence deprived Whitney of an important consideration relevant to the determination of his sentence and resulted in a higher sentence than he would have otherwise received. This court has previously recognized the importance of the government's sentencing recommendation as a bargained-for benefit to the defendant, and held that he persuasive force behind a sentencing recommendation is enhanced when it is urged by the government in addition to the defense. See *United States v. Camarillo-Tello*, 236 F.3d 1024, 1028 (9th Cir. 2001) ("[W]hen the sentencing court hears that both sides believe a certain sentence is appropriate and reasonable in the circumstances, this is more persuasive than only the defendant arguing for that sentence."). See also *United States v. Alcala- Sanchez*, 666 F.3d 571(9th Cir. 2012).

*Id* at p. 973.

III. <u>Mr. Martinez</u>. Mr. Martinez has in essence lost both of his businesses based upon the charges in this case. Upon his arrest, a Press Release was issued by the Department of Justice, and that release was carried by the local media and television and radio in the Shasta County area. His janitorial customers rescinded their work contracts with him eventually and his restaurant was also for all intents and purposes not

frequented by the normal overflow of customers. The Press Releases mentioned the restaurant and that the victims worked there. The COVID pandemic also caused the businesses to suffer. His income has been reduced to a very small sum.

Mr. Martinez's health will mean that his incarceration will be a tremendous physical risk to him. Mr. Martinez has a well documented history of the following physical illnesses that have gotten worse as he ages and owing to his genetic inheritance:

Lupus, hypertension, diabetes, asthma.

He is awaiting a further letter on these conditions from his doctor.

The letters submitted by his wife's attorney discuss Mr. Martinez and do not need to be re filed with this Sentencing Memorandum. He has now attached hereto more recent letters that apply to both of the Martinez's, and asks that the Court kindly review those.

## CONCLUSION

For the reasons set forth, Mr. Martinez submits his sentencing upon the recommendation of the Government and the Probation Report.

Dated: February 3, 2022   Respectfully submitted,

ATTORNEY FOR DEFENDANT

*Mark Reichel*

MARK REICHEL