UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-CR-0112 WBS |
| Plaintiff, | |
| v. | ORDER |
| NERY A. MARTINEZ VASQUEZ AND MAURA N. MARTINEZ, | |
| Defendants. | |

----oo0oo----

This morning, the court attempted to proceed with sentencing in this case via videoconferencing. However, after the court began to address the parties and shared its concerns regarding an important issue in the case, the parties and the courtroom deputy notified the court that they did not hear anything the court had just said.

It is yet to be determined whether the source of the problem was peculiar to that proceeding or is more general. However, particularly during a consequential discussion in a

1

serious case such as this, it is vitally important for the court to have confidence that what it says is being heard and understood by the other participants and for them to have confidence that the court hears and understands what they are saying.  Because of what happened this morning, the court does not have that confidence if the sentencing hearing is to proceed by videoconferencing.

Under the circumstances, the court finds that in order to be assured of a fair hearing in this case defendants must appear in person for sentencing.  However, under the district's General Order 614, and General Orders following and extending that order, our Chief Judge has specifically found that felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure "generally cannot be conducted in person in this district without seriously jeopardizing public health and safety."  On December 21, 2021, by General Order 640, that finding was extended for an additional 90 days after December 27, 2021.

When a judge finds that sentencing cannot be further delayed without serious harm to the interests of justice, the General Orders permit that judge to use videoconferencing or teleconferencing for sentencing.  The Orders do not authorize the judge to resort to in-person appearances under those circumstances.  Even if the General Orders could be read to authorize sentencing these defendants in person, this court would be reluctant to do so while the finding that such proceedings generally cannot be conducted without seriously jeopardizing public health and safety remains in effect.

        Accordingly, this matter is continued to April 4, 2022, at 9:00 a.m. for Status Conference.  At that time, if the findings of General Order 614 have not been extended for yet another term, the court will set a date for in-person sentencing of defendants.

        IT IS SO ORDERED.

Dated:  February 7, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3