MARK J. REICHEL, State Bar #155034
Attorney at Law
455 Capitol Mall, Ste. 802
Sacramento, CA 95814
Telephone: (916) 498-9258

Attorney for NERY MARTINEZ

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2019-CR-S- 0112 WBS |
|---|---|
| Plaintiff, | DEFENSE SUR REPLY TO GOVENRMENT'S REPLY ON SENTENCING ISSUE OF OBJECTION FOR BREACH OF PLEA AGREMEENT |
| v. | |
| NERY MARTINEZ | |
| DEFENDANT. | |

    Defense counsel submits on behalf of this defendant that the sentence recommended by the probation department and also urged by the government is appropriate. Defense counsel is in a difficult position, as it appears to the reader of the government memorandum that they are raising issues about this defendant that are in some instances not charged, and in others, not admitted to or proven. These issues do not go to the counts to which the defendant plead guilty. It was the concern of the defense that if these issues resulted in a sentence higher than what the defense, probation and government are recommending, then the failure to object about that, before the district, would result in a waiver of that argument being made at any later point. The government now agrees that an allegation of a breach of a plea agreement, in the manner as alleged here, is something which can be raised at a later date. Therefore the need for the district court to make any such finding, at least as far as the defendant is concerned, does not need to be determined here.

1

The defendant notes for this court and the government that the clear will of the American people, expressed through their elected representatives, is that acquitted conduct should never be utilized to increase or factor in to a person's sentence in federal court. This statement is made because the U.S. House of Representatives passed, in March of 2022, the "Prohibiting Punishment of Acquitted Conduct Act" (H.R. 1621), to prevent federal courts from considering acquittals when sentencing criminals to prison sentences. The author, Cohen (D. Tenn) said the bill "would ensure that no one spends time in jail for conduct prosecutors were not able to prove at trial." The vote, on March 28, was 405 yeas to 12 nays. It is in the U.S. Senate and is expected to pass and be signed into law in this session. If the prosecution can charge someone, and not meet their burden of proof beyond a reasonable doubt and then not be able to therefore increase a sentence, then it certainly can't do the same where it is *uncharged conduct*. (See https://www.congress.gov/bill/117th-congress/house-bill/1621 (The Committee on the Judiciary, to whom was referred the bill (H.R. 1621) to amend section 3661 of title 18, United States Code, to prohibit the consideration of acquitted conduct at sentencing, having considered the same, reports favorably thereon without amendment and recommends that the bill do pass.)

The defendant also requests a self-surrender date in an appropriate amount of time.

DATED: April 29, 2022

/s/ *MARK REICHEL*

MARK REICHEL

Counsel for Defendant

2